David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Suite 460
Phoenix, AZ 85016
(602) 265-3332
(602) 230-4482

Attorneys for Plaintiffs
Adam Russi and Norma Russi

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Adam Russi and Norma Russi | Case No: _____ |
|---|---|
| Plaintiffs, | **Complaint For Damages** |
| v. | |
| Evans Law Associates, P.C. | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

    collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Adam Russi and Norma Russi, (Plaintiffs), through Plaintiffs' attorneys, bring this action to challenge the actions of Evans law Associates, P.C., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damage.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. At all times relevant, Defendant conducted business within the State of Arizona.

## PARTIES

12. Plaintiffs are natural persons who reside in the City of Phoenix, State of Arizona.

13. Defendant is located in the City of Buffalo, in the State of New York.

14. Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Sometime before November 17, 2011, Plaintiffs are alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before November 17, 2011, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiffs currently take no position as to the validity of this alleged debt.

19. Subsequently, but before November 17, 2011, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about November 17, 2011, Plaintiff Adam Russi's mother, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), received a call from Defendant. This call was a "communication" as 15 U.S.C. §1692a(2) defines that term. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in

connection with the collection of the alleged debt, and with a person other than Plaintiffs, Plaintiffs' attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b.  By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

21. On or about November 17, 2011, Plaintiff Adam Russi called Defendant back regarding the alleged debt.

22. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

23. During this call, Plaintiff asked that Defendant not call his elderly mother. In Response to this, Defendant falsely stated Plaintiff's mother's phone number was the number on the account.

24. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

25. During this conversation, Defendant threatened to sue Plaintiffs for the alleged debt.

26. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

27. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

28. At the end of this call, Plaintiff again requested his elderly mother not be called. Defendant stated that Plaintiff Norma Russi had to call Defendant back or the autodialer would continue to call Plaintiff's mother.

29. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

30. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

31. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

32. The following week, Defendant called Plaintiff and continued to make threats to sue Plaintiffs regarding the alleged debt.

33. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

34. During every phone call with Plaintiff, Defendant failed to disclose that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

35. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

36. Due to Defendant's abusive actions, Plaintiffs have suffered mental anguish type damages which included symptoms including but not limited to: stress, anxiety, embarrassment, humiliation, impacting their personal relationships.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

37. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

38. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

39. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

40. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: December 8, 2011                    By: _/s/ David J. McGlothlin_
                                          David J. McGlothlin
                                          Attorneys for Plaintiffs